UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GREGGORY ALAN OLSON, | ) |
| | ) CASE NO. C13-0987-RSL |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) REPORT AND RECOMMENDATION |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## INTRODUCTION

Having prevailed in his appeal of a decision by the Commissioner of the Social Security Administration (Commissioner), plaintiff moves for an award of $7,328.40 in attorney's fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. (Dkts. 26 and 29.)[1] The Commissioner objects to plaintiff's request for an award of attorney's fees and alternatively

---

[1] Plaintiff has filed both a motion for attorney's fees (Dkt. 26) and an amended motion for attorney's fees (Dkt. 29). While there are formatting differences between the two motions, they appear to be substantively identical. Throughout this Report and Recommendation, the Court will refer to the amended motion (Dkt. 29).

REPORT AND RECOMMENDATION
PAGE -1

argues that the number of hours requested is excessive.[2]  (Dkt. 32.)  Having considered the parties' submissions, the balance of the record, and the governing law, the Court recommends that plaintiff's motion (Dkt. 29) be GRANTED and that plaintiff be awarded $7,328.40 in attorney's fees.

## BACKGROUND AND DISCUSSION

Plaintiff filed applications for Disability Insurance Benefits and Social Security Income in May 2009.  Following a hearing, an Administrative Law Judge (ALJ) found plaintiff not disabled.  Plaintiff appealed the decision to the Appeals Council, which denied plaintiff's request for review.  Plaintiff filed a civil action in this Court for review of the Commissioner's final decision.  The Court issued a Report and Recommendation that recommended remanding the matter for further administrative proceedings.  (Dkt. 22.)  The Court found that the ALJ erred at step two by failing to consider whether plaintiff's anxiety disorder, diagnosed in February 2011 by David Widlan, Ph.D., was severe.  (*Id.* at 5.)  The Court also found that the ALJ erred by giving significant weight to the opinion of Suzanne Canning, M.D., but failing to account for her opinions that plaintiff's attention and focus issues might make it difficult for him to perform simple and repetitive tasks as well as more detailed and complex tasks and might result in him needing special or additional instructions.  (*Id.* at 11-12.)  The Honorable Robert S. Lasnik adopted the Report and Recommendation.  (Dkt. 24.)

In moving for attorney's fees, plaintiff asserts that the Commissioner's position in opposing his claim was not substantially justified and that, as the prevailing party, he is entitled

---

[2] Also pending before the Court is the Commissioner's motion for an extension of time to file her response brief.  (Dkt. 30.)  Plaintiff has not opposed the motion.  The Court recommends that the motion for extension of time (Dkt. 30) be GRANTED.

REPORT AND RECOMMENDATION
PAGE -2

to an award of attorney's fees. He seeks attorney's fees for a total of 39.4 attorney hours and requests that the fees be calculated at the hourly rate of $186 per hour. (Dkt. 29 at 2.) The Commissioner opposes both plaintiff's entitlement to fees and the number of hours requested. She requests, if the Court concludes that her position was not substantially justified, that plaintiff's total billable hours be reduced, but she does not specify how many hours should be deducted.

A.   Plaintiff's Entitlement to Fees

Under the EAJA, with certain exceptions not applicable here, the Court awards fees and expenses to a prevailing party in a suit against the government unless it concludes that the position of the government was "substantially justified." 28 U.S.C. § 2412(d)(1)(A). The Commissioner's position is deemed substantially justified if it meets the traditional standard of reasonableness, meaning it is "justified in substance or in the main, or to a degree that could satisfy a reasonable person." *Lewis v. Barnhart*, 281 F.3d 1081, 1083 (9th Cir. 2002) (quoted sources and internal quotation marks omitted). While the Commissioner's position need not be correct, it must have "reasonable basis in law and fact." *Id.* (citing *Pierce v. Underwood*, 487 U.S. 552, 566 n. 2 (1988)).

The Commissioner "bears the burden of demonstrating substantial justification." *Thangaraja v. Gonzales*, 428 F.3d 870, 874 (9th Cir. 2005) (quoting *Gonzales v. Free Speech Coalition*, 408 F.3d 613, 618 (9th Cir. 2005)). Specifically, the Commissioner's position must be "*as a whole*, substantially justified." *Gutierrez v. Barnhart*, 274 F.3d 1255, 1258-59 (9th Cir. 2001) (emphasis in original). That position also must be substantially justified at each stage of the proceedings. *Corbin v. Apfel*, 149 F.3d 1051, 1052 (9th Cir. 1988); *see also*

*Hardisty v. Astrue*, 592 F.3d 1072, 1078 (9th Cir. 2010).  Accordingly, the Commissioner must establish that she was substantially justified both in terms of (1) "the underlying conduct of the ALJ" and (2) the "litigation position defending the ALJ's error."  *Gutierrez*, 274 F.3d at 1259; *see also Meier v. Colvin*, 727 F.3d 867, 872 (9th Cir. 2013) ("[W]e first consider the underlying agency action, which . . . is the decision of the ALJ.  We then consider the government's litigation position.").  Thus, the Ninth Circuit has stated that "if 'the government's underlying position was not substantially justified, we [must award fees and] need not address whether the government's litigation position was justified.'"  *Tobeler v. Colvin*, 749 F.3d 830, 832 (9th Cir. 2014) (citing *Meier*, 727 F.3d at 870).

A district court's "holding that the agency's decision . . . was unsupported by substantial evidence is . . . a strong indication that the 'position of the United States' . . . was not substantially justified."  *Id.* (quoting *Thangaraja*, 428 F.3d at 874) ("[I]t will be only a 'decidedly unusual case in which there is substantial justification under the EAJA even though the agency's decision was reversed as lacking in reasonable, substantial and probative evidence in the record.'") (citation omitted)).  Indeed, the Ninth Circuit has commented that "[i]t is difficult to imagine any circumstance in which the government's decision to defend its actions in court would be substantially justified, but the underlying decision would not."  *Sampson v. Chater*, 103 F.3d 918, 922 (9th Cir. 1996) (quoting *Flores v. Shalala*, 49 F.3d at 562, 570 n. 11 (9th Cir. 1995)).

With respect to the ALJ's step two error—failing to consider whether plaintiff's anxiety disorder was a severe impairment—the Commissioner argues that the ALJ's decision was reasonably based in law and fact because the ALJ properly rejected the opinion Dr. Widlan, the

only doctor who diagnosed anxiety disorder. But whether the ALJ properly rejected Dr. Widlan's opinion when assessing plaintiff's RFC says nothing about whether the step two finding was erroneous. Rather, it goes to the harm resulting from the ALJ's error. *See Tobeler*, 749 F.3d at 834 (government's argument that the ALJ's error was harmless was a *litigation position* that did not provide substantial justification for the *underlying* position). Because, as the Court previously found, the ALJ erred at step two, the ALJ's decision was not substantially justified. *See Sampson*, 103 F.3d at 922.

The Commissioner also contends that she was substantially justified in defending the ALJ's consideration of Dr. Canning's opinion because reasonable minds could differ. As noted above, the Court found that the ALJ erred because the ALJ neither incorporated all of Dr. Canning's opinions into the RFC nor provided specific and legitimate reasons for rejecting those opinions. The Court thus concluded that the ALJ's decision was not supported by substantial evidence. *See Meier*, 727 F.3d at 872 (ALJ makes a decision not supported by substantial evidence when he fails to offer specific and legitimate reasons for rejecting a physician's opinion); *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009) (ALJ makes a decision not supported by substantial evidence when he formulates a RFC that fails to take into account all of claimant's limitations). Because the ALJ's decision was not supported by substantial evidence, it was not substantially justified. *See Meier*, 727 F.3d at 869.

In sum, the Court concludes that the Commissioner has not met her burden of demonstrating substantial justification. The Court, therefore, finds no basis for the Commissioner's opposition to plaintiff's request for an award of EAJA fees.

B.  <u>Hours Expended</u>

The Court may award EAJA fees for attorney hours reasonably expended by plaintiff's counsel in this matter. 28 U.S.C. § 2412(d)(2)(A). "[E]xcessive, redundant, or otherwise unnecessary" hours should be excluded from the fee award. *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). The Court must provide a "concise but clear explanation" of its reasons for a fee award. *Gates v. Deukmejian*, 987 F.2d 1392, 1398 (9th Cir. 1992); *see also Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132, 1135 (9th Cir. 2012) (district court must give reasons for reducing fees; where disparity between fees requested and awarded relatively large, court should provide specific articulation of reasons for reducing award) (citing *Moreno v. City of Sacramento*, 534 F.3d 1101, 1111 (9th Cir. 2008)).

The Commissioner states that the issues in this matter were not novel or complex, and argues a portion of the hours spent by plaintiff's counsel were not reasonably expended. She observes, for instance, that plaintiff's counsel billed 26.4 hours to prepare the opening brief, which she argues is unreasonable because the 382-page record was on the shorter side for a Social Security disability appeal. She further notes that plaintiff's counsel devoted many hours and more than half of the opening brief to issues the Court affirmed. The Commissioner also maintains that it was unreasonable for plaintiff's counsel to spend 6.5 hours to prepare a 4-page reply brief, and that plaintiff's counsel should not be compensated for the clerical tasks of drafting the summons, complaint, and motion to proceed *in forma pauperis*. As noted above, the Commissioner does not specify how many hours she believes were unreasonably expended by plaintiff's counsel.

There is no hard-and-fast cap on attorney fee awards that should be applied regardless of

the circumstances.  *See*, *e.g.*, *Patterson v. Apfel*, 99 F. Supp. 2d 1212, 1214 n.2 (C.D. Cal. 2000) (collecting cases involving reasonable EAJA fee awards between 20 and 54.5 hours); *Gibson-Jones v. Apfel*, 995 F. Supp. 825, 827 (N.D. Ill. 1998) (awarding attorney's fees for 65.75 hours of district court litigation).  Indeed, this Court has previously awarded attorney's fees in Social Security cases for work exceeding that requested by plaintiff in this case.  *See*, *e.g.*, *Vessel v. Astrue*, C08-0949-RSL, Report and Recommendation (Sept. 19, 2009) (recommending a reduced fee award for 53.8 hours, which included 48.5 hours for the underlying litigation and 5.3 hours for the EAJA fee application), *adopted without objections* by Order on Plaintiff's Motion for EAJA Fees (Oct. 20, 2009); *Burleson v. Astrue*, C07-2019-RSL, Report and Recommendation (Jan. 13, 2009) (recommending a reduced fee award for 49.3 hours, which included 43.9 hours for matters related to the underlying litigation and 5.4 hours for the EAJA fee application), *adopted without objections* by Order on Plaintiff's Motion for EAJA Fees (Feb. 9, 2009); *Riley v. Barnhart*, C04-168-JLR, Report and Recommendation (Mar. 8, 2005) (recommending a reduced fee award for 49.2 hours, which included 45.2 hours for matters related to the underlying litigation and 4 hours for the EAJA fee application), *adopted without objections* by Order on Plaintiff's Motion for EAJA Fees (Mar. 28, 2005).

In this case, plaintiff's counsel did not expend an unreasonable amount of time on any particular task.  Counsel provided useful, relevant, and detailed discussions of the facts, authority, and administrative record.  The reply brief contained more than a recitation of facts and law from the opening brief and was responsive to the Commissioner's arguments. Although the Court did not agree with all of plaintiff's arguments, none were frivolous or

advanced in bad faith. Plaintiff is entitled to the attorney's fees incurred for the work performed in pursuit of the ultimate result, including efforts expended on unsuccessful issues. *See Hensley*, 461 U.S. at 435 ("Litigants in good faith may raise alternative legal grounds for a desired outcome, and the court's rejection of or failure to reach certain grounds is not a sufficient reason for reducing a fee. The result is what matters."). In addition, although "purely clerical work or secretarial tasks should not be billed at a paralegal or lawyer's rate, regardless of who performs them," *Missouri v. Jenkins*, 491 U.S. 274, 288 n. 10 (1989), the Court is not persuaded by the Commissioner's contention that the drafting of the summons, complaint, and motion for leave to proceed *in forma pauperis* constitute purely clerical tasks, as opposed to necessary legal work performed by an attorney.

In sum, the Court concludes that plaintiff's fee request is reasonable.

## CONCLUSION

For the reasons stated above, plaintiff's amended motion for an award of attorney's fees (Dkt. 29) should be GRANTED and plaintiff should be awarded $7,328.40 in attorney's fees. In addition, plaintiff's original motion for an award of attorney's fees (Dkt. 26) should be DENIED as moot, and the Commissioner's motion for extension of time (Dkt. 30) should be GRANTED. A proposed order accompanies this Report and Recommendation.

DATED this 15th day of October, 2014.

Mary Alice Theiler
Chief United States Magistrate Judge